IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| HAMID REZA BAYAT, | § § § § § § | |
| *Petitioner*, | | |
| v. | § § | |
| BRET BRADFORD, Field Office Director of Enforcement and Removal Operations, Houston Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; ALEXANDER SANCHEZ, Warden of IAH Polk Adult Detention Facility, | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:25-CV-00359 JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Hamid Reza Bayat's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Hamid Reza Bayat ("Bayat") is an Iranian national who first entered the United States over forty-five years ago. [Dkt. 1 at ¶ 2]. On November 15, 2002 Bayat was ordered removed but granted withholding of removal from Iran. *Id.* at ¶ 18. On June 20, 2025, United States Immigration and Customs Enforcement ("ICE") arrested Bayat. *Id.* at ¶ 22.

On December 29, 2025, Bayat brought a habeas corpus petition, claiming (1) a violation of the Fifth Amendment's Due Process Clause because of his prolonged detention, and (2) a violation of the Immigration and Nationality Act because his removal is not reasonably

1

foreseeable. [Dkt. 1 at ¶¶ 34–37]. On January 30, 2026, the Court issued an Order to Show Cause in which it requested that the Respondents show why the Petition should not be granted, specifically citing Bayat's prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). [Dkt. 3]. The Respondents filed their Response on February 2, 2026. [Dkt. 4]. Bayat filed a Reply on February 3, 2026. [Dkt. 5]. The Petition is now ripe for review.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Bayat filed two claims with his petition: (1) a violation of the Fifth Amendment's due process clause because of his prolonged detention, and (2) a violation of the Immigration and Nationality Act because his removal is not reasonably foreseeable. [Dkt. 1 at ¶¶ 34–37].

*Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex

2

statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700.

As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. To carry that burden, Bayat relies on the past to show the future. In the twenty-three years since he was ordered removed, "[the Department of Homeland Security] has failed to identify or propose a viable third country alternative for removal." [Dkt. 1 at 1]. Bayat simply asserts that there has been "no change in circumstances." *Id.* at ¶ 6. This presents two issues: timing and lack of proceedings.

On the first issue, other courts have recognized "the lack of prior third-country removal might be salient where 'there is presently no country in the world willing to accept the petitioner.'" *Surovtsev*, 2025 WL 3264479 at *8 (quoting *Munoz-Saucedo v. Pittman*, 789 F.Supp.3d 387, 399 (D.N.J. 2025)). Bayat does not make such an assertion. Moreover, he fails to consider how foreign policy—which is firmly within the domain of the Executive—has changed: "the new administration [has effected] a well-known sea change in the area of third-country removals." *Id.* "In essence, turning back the clock to what could have been done before January 20, 2025 would forever bind the administration to the conduct of past administrations." *Id.*

Now for the second point: that ICE has not initiated any proceedings necessary to remove Bayat. The Respondents state that "immigration officials have been moving forward with the necessary paperwork to obtain his travel documents," a point which Bayat acknowledged in his Petition. [Dkts 4 at 6, 1 at ¶ 6]. If this is the case, *at this time* there is no "good reason to believe that there is no significant likelihood of removal in the reasonably near future," even if Bayat is not removed to Iran given current events. *Zadvydas*, 533 U.S. at 701.

3

## IV. CONCLUSION

Because Bayat has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Bayat's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT** and any future hearings are **CANCELLED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of April, 2026.**

Michael J. Truncale
United States District Judge

4